# In the United States Court of Federal Claims

No. 13-455L

(E-Filed:  June 6, 2016)

**NOT FOR PUBLICATION**

| | |
|---|---|
| GERALD E. BELL, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## OPINION and ORDER

Plaintiffs filed their complaint in this court on July 3, 2013, in which they assert a Fifth Amendment takings claim.  Compl., ECF No. 1.  On May 4, 2016, plaintiffs filed three separate motions for joinder of five additional plaintiffs under Rules 15 and 20. Bell Bros. Suppl. Mot., ECF No. 47 (plaintiff Bell Brothers, G.P.); Bells Mot., ECF No. 48 (plaintiffs Gerald E. Bell and Duane V. Bell); Metz Mot., ECF No. 49 (plaintiff Joe Metz, Testamentary Trustee of the Trust Created in the Last Will and Testament of Thomas Waite ("Waite Trust").  Plaintiff Bell Brothers, G.P. previously filed a motion for joinder, which remains pending.  Bell Bros. Mot., ECF No. 14.

Plaintiffs own real property in the state of Texas, along the Mexican border, near the Rio Grande River.  It is undisputed that defendant holds easements that entitle it to build and maintain a structure on plaintiffs' property for the purpose of flood control. What is disputed is whether the structure built by defendant falls within the scope of the easements it holds.  Plaintiffs argue that defendant's structure is a "border fence" that falls outside the scope of the easements and thus, has effected an uncompensated taking of their property.  Defendant acknowledges that the structure serves the dual purposes of flood control and border defense, but maintains that the structure nonetheless falls within the scope of the easements.

Each plaintiff states that construction and installation of the border fence took place over time, beginning in either 2008, 2009 or 2010, and that the exact date of the alleged taking remains unclear. Bell Bros. Suppl. Mot. ¶ 2; Bells Mot. 1, ¶ 1; Metz Mot. 1, ¶ 1. Each plaintiff further states that through discovery,[1] "the parties will attempt to reach agreement on a date of taking for purposes of determining compensation and the identity of parties entitled to such compensation." Bell Bros. Suppl. Mot. ¶ 3; see also Bells Mot. ¶ 1; Metz Mot. ¶ 1.

On May 18, 2016, defendant filed a single response of non-opposition to all three motions for joinder. Def.'s Resp., ECF No. 50. Defendant agrees that through discovery the parties expect to determine the dates of alleged taking. Id. at 2.

With regard to joinder, defendant asserts that "it is not apparent that the five potential parties acquired their property interests before the time of the alleged taking in this action. Thus, it is not apparent that the five potential parties have standing to bring claims." Id. at 1. Nonetheless, defendant does not object to joinder, but instead reserves the right to later seek dismissal for lack of standing, or on any other grounds, of any plaintiff necessary. Id. at 2.

Plaintiffs filed no reply, and the time for doing so has elapsed.

Under Rule 20, persons may join in one action as plaintiffs if:

> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all plaintiffs will arise in the action.

RCFC 20(a)(1). As advised by the Rules Committee, "[t]he joinder of additional plaintiffs should proceed by appropriate motion under RCFC 15." RCFC 20 rules committee's note to 2002 amendment. Under Rule 15, a plaintiff may amend its complaint "only with . . . the court's leave. The court should freely give leave when justice so requires." RCFC 15(a)(2).

---

[1] Fact discovery in this matter is scheduled to close on October 3, 2016, and dispositive motions are due by February 17, 2017. Scheduling Order, ECF No. 46.

As explained below, the court **GRANTS** the motion for joinder filed by plaintiff Joe Metz, ECF No. 49, and **DENIES** the motions for joinder filed by plaintiffs Bell Brothers, G.P., ECF Nos. 14 and 47 and Gerald E. Bell and Duane V. Bell, ECF No. 48.

I.      Motion for Joinder Filed by Plaintiff Joe Metz, Testamentary Trustee of the Trust Created in the Last Will and Testament of Thomas Waite, ECF No. 49

Mr. Metz moves to join Sharon Rees Waite as a plaintiff in this matter.  Metz Mot. 1.  According to Mr. Metz, the Waite Trust owns a 25% interest in properties known as Tract 176 and Banco 97, and Ms. Waite owns the remaining 75% interest in the same properties.  Id. ¶ 2.  Further, "[Ms.] Waite's 75% undivided interest predates construction of the border fence infrastructure on the subject property," as she acquired her 75% interest in several transactions from May 1973 to January 1994.  Id. ¶¶ 2-3.  Ms. Waite has maintained her 75% interest to date.  Id. ¶ 3.

It is unclear why defendant said of all proposed plaintiffs, including Ms. Waite, that "it is not apparent that the . . . potential parties acquired their property interests before the time of the alleged taking in this action."  Def.'s Resp. 1.  Mr. Metz's assertions make it clear that Ms. Waite has continuously held her property interest from at least 1994 to the present, a time period that includes any possible date of alleged taking, which plaintiffs assert may have occurred as early as 2008, and necessarily must have occurred prior to the filing of plaintiffs' complaint in July 2013.  Defendant offers no specific challenge to Mr. Metz's assertions of Ms. Waite's ownership of Tract 176 and Banco 97.

Ms. Waite asserts a right to relief arising out of the same occurrence, or series of occurrences, as the current plaintiffs in this matter, that is defendant's construction of a border fence on her property.  In addition, questions of law or fact common to all plaintiffs will arise in this action, including at least the question of whether defendant's erection of a border fence effected a Fifth Amendment taking of plaintiffs' property.  Under Rule 20(a)(1), the court finds that Sharon Rees Waite is a proper plaintiff in this matter.

Plaintiff Joe Metz's motion is **GRANTED**.  Under Rule 15(a)(2), plaintiffs are granted leave to file an amended complaint adding Sharon Rees Waite as a plaintiff.

II.     Motion for Joinder Filed by Plaintiff Bell Brothers, G.P., ECF Nos. 14 and 47

        Plaintiff Bell Brothers, G.P. ("Bell Brothers") base their claim on ownership of a certain 764 acre tract of land ("subject property") acquired in 1976.  Bell Bros. Suppl. Mot. ¶ 4.  In November 2013, Bell Brothers filed a motion for joinder of one additional plaintiff, G-M Bell Family Holdings, LLC ("Bell Family Holdings"), which Bell Brothers asserted was the current owner of the subject property.  Bell Bros. Mot. ¶¶ 2-3.  The Bell Brothers did not assert any date of alleged taking, or provide the date on which Bell Family Holdings assumed ownership of the subject property.

        Defendant opposed plaintiff's motion, as it interpreted plaintiff's motion to state that Bell Family Holdings acquired the subject property after the date of alleged taking, which would mean it lacked standing to bring a takings claim.  ECF No. 15, at 3.  The Bell Brothers replied that the date of alleged taking had not yet been established, and that it sought to add Bell Family Holdings "to avoid any potential of violating the statute of limitations and to insure that all parties with justiciable claims are included in the lawsuit."  Bell Bros. Reply ¶ 4, ECF No. 18.

        On September 17, 2015, the court denied certification of the proposed class, and directed the parties to file a joint status report addressing how they wished to proceed with plaintiff's motion for joinder, given that the date of the alleged taking was undetermined.  Bell v. United States, 123 Fed. Cl. 390, 408 (2015) (order denying class certification).  At the request of the parties, the court set a schedule in this matter, including a date by which plaintiffs could move for joinder of any additional plaintiffs. Scheduling Order, ECF No. 46.

        In response, Bell Brothers filed a supplemental motion for joinder, in which it now moves to join three persons or entities as plaintiffs ("proposed plaintiffs"), each of which assumed an ownership interest in the subject property at some time between October 2012 and December 2012, as summarized in the table below.  Bell Bros. Suppl. Mot. ¶ 4-5.

| Ownership of Subject Property | | | |
|---|---|---|---|
| Source: Bell Bros. Suppl. Mot. ¶¶ 4-5 | | | |
| | Ownership Interest | | |
| Person or entity | First Date Held | Last Date Held | Percentage Held |
| Bell Brothers, G.P. | Dec. 30, 1976 | Sept. 30, 2012 | 100% |

4

| Ownership of Subject Property | | | |
|---|---|---|---|
| Source: Bell Bros. Suppl. Mot. ¶¶ 4-5 | | | |
| | Ownership Interest | | |
| Person or entity | First Date Held | Last Date Held | Percentage Held |
| W. Glenn Bell, Jr. and Mollie Rebecca Mitchell Bell (husband and wife) | Oct. 1, 2012 | Dec. 25, 2012 | 75% |
| W. Glenn Bell, Jr. as Trustee for the Earline Landers Bell Testamentary Grandchildren's Trust | Oct. 1, 2012 | Jan. 1, 2015 | 25% |
| G-M Bell Family Holdings, LLC | Dec. 26, 2012 | Present owner | 75% as of Dec. 26, 2012<br><br>100% as of Jan. 1, 2015 |

Bell Brothers acknowledges it is uncertain if any of the proposed plaintiffs owned the subject property at the time of the alleged taking, but nonetheless "seeks to join those entities and individuals who have possessed an interest in the subject property from the beginning of construction of the border fence to the present to insure that all necessary and proper parties are before the court." Id. at ¶¶ 2-3.

If the alleged taking occurred prior to October 1, 2012, Bell Brothers, G.P. is the proper plaintiff. Alternatively, if the alleged taking occurred from October 1, 2012 to December 25, 2012, the proper plaintiffs are W. Glenn Bell, Jr., Mollie Rebecca Mitchell Bell, and the Waite Trust. And finally, if the alleged taking occurred from December 26, 2012 to July 3, 2013, the proper plaintiffs are G-M Bell Family Holdings, LLC and the Waite Trust. There is no possible date of alleged taking on which Bell Brothers and the three proposed plaintiffs would all be proper plaintiffs in this matter, nor does Bell Brothers make such an assertion.

Although Bell Brothers brought their motion under Rule 20, permissive joinder, it is apparent that Rule 17, real party in interest, is the applicable rule. As provided by Rule 17, "[a]n action must be prosecuted in the name of the real party in interest." RCFC 17(a)(1). The real party in interest is "the party that 'possesses the right to be enforced.'"

Ground Improvement Techniques, Inc. v. United States, 618 F. App'x 1020, 1025 (Fed. Cir. 2015) (quoting Grass Valley Terrace v. United States, 69 Fed. Cl. 543, 546 (2006)); see also 6A Charles Alan Wright et al., Federal Practice & Procedure § 1543, Westlaw (database updated Apr. 2016) (defining real party in interest as the person or entity "who, according to the governing substantive law, is entitled to enforce the right"). "Real party in interest, unlike standing, is not jurisdictional. And real party in interest, we note, can be cured under Federal Rule of Civil Procedure 17(a)." Mitchell Food Prods., Inc. v. United States, 43 F. App'x 369, 369-70 (Fed. Cir. 2002).

It is undisputed that only the owner of the property on the date of the alleged taking may assert a claim for Fifth Amendment taking. Bair v. United States, 515 F.3d 1323, 1327 (Fed. Cir. 2008) ("It is axiomatic that only persons with a valid property interest at the time of the taking are entitled to compensation." (quoting Wyatt v. United States, 271 F.3d 1090, 1096 (Fed. Cir. 2001))); see also Bell Bros. Reply ¶ 4; Def.'s Resp. 1-2.

The Federal Circuit has said that "courts should be lenient in permitting ratification, joinder, or substitution" of the real party in interest under Rule 17(a). First Hartford Corp. Pension Plan & Trust v. United States, 194 F.3d 1279, 1289 (Fed. Cir. 1999); see also Fed. R. Civ. P. 17 advisory committee's note to 1966 amendment[2] ("Modern decisions are inclined to be lenient when an honest mistake has been made in choosing the party in whose name the action is to be filed . . . .").

This court has previously permitted substitution of plaintiffs under Rule 17(a)(3). See Ground Improvement Techniques, Inc. v. United States, 108 Fed. Cl. 162, 170-71 (2012) (permitting Rule 17(a)(3) substitution of plaintiffs where relevant interests were transferred through bankruptcy proceeding), aff'd, 618 F. App'x 1020 (Fed. Cir. 2015).

Further, the claim of a plaintiff substituted under Rule 17(a) has been held to relate back to the filing of the original complaint, under Rule 15(c), thus satisfying the statute of limitations.[3] See Sys. Fuels, Inc. v. United States, 65 Fed. Cl. 163, 169-72 (2005). In

---

[2]     "[I]nterpretation of the court's rules will be guided by case law and the Advisory Committee Notes that accompany the Federal Rules of Civil Procedure." RCFC 2002 rules committee's note, at 1. Thus, the court looks to the Federal Rule 17 advisory committee notes for guidance.

[3]     Unlike a plaintiff substituting for an original plaintiff in this matter, a plaintiff asserting a new claim would have to satisfy the six-year statute of limitations. See 28 U.S.C. § 2501. Section 2501 is jurisdictional and may not be waived. See Sikorsky Aircraft Corp. v. United States, 773 F.3d 1315, 1321-22 (Fed. Cir. 2014) (citing John R.

System Fuels, the court said that an "[i]nquiry in a determination of whether a claim should relate back [under Rule 15(c)] will focus on the notice given by the general fact situation set forth in the original pleading." <u>Sys. Fuels, Inc.</u>, 65 Fed. Cl. at 170-71 (quoting <u>Barron Bancshares, Inc. v. United States</u>, 366 F.3d 1360, 1369 (Fed. Cir. 2004)); <u>see also</u> <u>Creppel v. United States</u>, 33 Fed. Cl. 590, 594-96 (1995) (discussing Rule 15(c) relation back)).

However, the leniency of Rule 17(a)(3) is not without limits. "The [Rule 17(a)(3)] provision should not be misunderstood or distorted. It is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." Fed. R. Civ. P. 17 advisory committee's note to 1966 amendment. This court has denied Rule 17(a)(3) substitution when plaintiffs unreasonably delayed determining ownership of the relevant property. <u>See</u> <u>Textainer Equip. Mgmt. Ltd. v. United States</u>, 115 Fed. Cl. 708, 716-17 (2014) (refusing RCFC 17(a)(3) substitution, where there was no indication that timely discovery of ownership was difficult, and plaintiffs delayed resolution of ownership), <u>reconsideration denied</u>, No.08-610, 2014 WL 2938452 (Fed. Cl. June 30, 2014).

Rule 17 aside, Bell Brothers fail to satisfy the Rule 20 requirement that each proposed plaintiff must "assert any right to relief . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." RCFC 20 (a)(1)(A). In order to assert a Fifth Amendment claim for physical taking, each proposed plaintiff would have to assert ownership of the subject property on the date of the alleged taking.

> In spite of the great liberality of Rule 20(a), the rule does not excuse any of the joined parties from the obligation to state a claim against defendant . . . upon which relief may be granted. Noncompliance with this requirement

---

Sand & Gravel Co. v. United States<i>,</i> 552 U.S. 130, 133-39 (2007) (finding 28 U.S.C. § 2501 six-year statute of limitations to be jurisdictional)). Nonetheless, the Federal Circuit has held that § 2501 is subject to tolling in the case of a class action complaint. <u>See</u> <u>Bright v. United States</u>, 603 F.3d 1273, 1290 (Fed. Cir. 2010) (addressing tolling of 28 U.S.C. § 2501 statute of limitations during period court allows putative plaintiffs to opt in to class); <u>Askins v. United States</u>, No. 07-650, 2012 WL 6117950, at *1 (Fed. Cl. Dec. 10, 2012) (establishing expiration of § 2501 statute of limitations after the denial of class certification); <u>Klamath Irrigation Dist. v. United States</u>, No. 01-591, 2014 WL 4946996, at *2 n.2 (Fed. Cl. Oct. 2, 2014) ("[T]he statute of limitations is tolled for all putative members of the class until class certification is ultimately denied or the period for plaintiffs to opt in to the class has expired." (citing <u>Bright</u><i>,</i> 603 F.3d at 1290)).

leaves a party vulnerable to a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted . . . .

7 Charles Alan Wright et al., Federal Practice & Procedure § 1656, Westlaw (database updated Apr. 2016) (footnote omitted).

To avoid dismissal under RFCF 12(b)(6), a party need only plead "facts to state a claim to relief that is plausible on its face," with facts sufficient to nudge "claims across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

TrinCo Inv. Co. v. United States, 722 F.3d 1375, 1380 (Fed. Cir. 2013).

Bell Brothers readily admits it is unsure if any of the proposed plaintiffs actually owned the subject property on the date of the alleged taking. See Bell Bros. Mot. ¶ 2. Without an assertion of ownership at the time of alleged taking, none of the proposed plaintiffs named by Bell Brothers has asserted a claim for which relief may be granted.

For all these reasons, the court **DENIES** plaintiff Bell Brothers, G.P.'s motion for joinder.

III.     Motion for Joinder Filed by Plaintiffs Gerald E. Bell and Duane V. Bell, ECF No. 48

Plaintiffs Gerald E. Bell and Duane V. Bell ("the Bells") move to join Penitas Properties, Ltd. ("Penitas") as a plaintiff. The Bells' claim in this matter is based on ownership of a certain 18.34 tract of land ("subject property") which they acquired in 1996. Bells Mot. ¶ 2. According to the Bells, they transferred ownership of the subject property to Penitas on August 18, 2015, and Penitas retains its ownership to date. Bells Mot. ¶ 3. Plaintiffs filed their complaint on July 3, 2013, well before the date on which Penitas assumed ownership of the subject property.

"Standing is based upon the facts as they exist at the time the complaint is filed, and plaintiff bears the burden of proof." Pacific Gas & Elec. Co. v. United States, 70 Fed. Cl. 766 n.12 (2006) (citing Nat. Law Party of the United States v. Fed. Election Comm'n, 111 F. Supp. 2d 33, 41 (D.D.C. 2000)).

> According to the Supreme Court, "the irreducible constitutional minimum of standing contains three elements": injury in fact, causation, and redressability. <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992). With respect to the first element, "the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized ... and (b) actual or imminent, not conjectural or hypothetical." <u>Id.</u> at 560 (citations omitted) (internal quotation marks omitted).

<u>Hoopa Valley Tribe v. United States</u>, 597 F.3d 1278, 1283 (Fed. Cir. 2010).

"[S]tanding is a threshold jurisdictional issue." <u>Myers Investigative & Sec. Servs., Inc. v. United States</u>, 275 F.3d 1366, 1369 (Fed. Cir. 2002) (citing <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 102-04 (1998)).

Taking the Bells' assertions to be true, Penitas held no interest in the subject property at the time plaintiffs filed their complaint in this matter. Thus, Penitas cannot have suffered an injury in fact prior to the filing of the complaint. The Bells did not address how an entity holding no ownership interest in the subject property at the time the complaint was filed could have standing in this matter. While defendant did not challenge Penitas' standing to bring a claim, the court has an independent duty to "satisfy itself . . . of its own jurisdiction." <u>Textile Prods., Inc. v. Mead Corp.</u>, 134 F.3d 1481, 1485-86 (Fed. Cir. 1998) (quoting <u>Bender v. Williamsport Area Sch. Dist.</u>, 475 U.S. 534, 541 (1986)); <u>see also</u> <u>Summit Multi-Family Hous. Corp. v. United States</u>, 124 Fed. Cl. 562, 572-74 (2015) (finding plaintiff lacked standing, despite defendant's concession of standing).

As the court is unable to discern how Penitas Properties, Ltd. could have standing to bring a claim for the alleged taking of the subject property, the court **DENIES** plaintiffs Gerald E. Bell's and Duane V. Bell's motion for joinder.

IV.    Conclusion

Plaintiff Joe Metz's motion for joinder, ECF No. 49, is **GRANTED**. The motions for joinder filed by plaintiffs Bell Brothers, G.P., ECF Nos. 14 and 47, and Gerald E. Bell and Duane V. Bell, ECF No. 48, are **DENIED**.

Plaintiffs shall file their amended complaint adding Sharon Rees Waite as a plaintiff by **Monday, June 27, 2016**. The parties may also propose an amendment to the existing scheduling order, ECF No. 46, by **Monday, June 27, 2016**, to include a date by

which plaintiffs may file a Rule 17(a) motion for substitution of real party in interest, if necessary.

As a housekeeping matter, the court notes that plaintiffs referred to Gerald E. Bell and Duane V. Bell as "class representatives" in the case caption of their filings.  There is no class in this matter, and thus no class representatives.  See Bell v. United States, 123 Fed. Cl. 390 (2015) (order denying motion for class certification).

IT IS SO ORDERED.


 s/ Patricia Campbell-Smith            
PATRICIA CAMPBELL-SMITH
Chief Judge